IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
_____ DIVISION

CASE NO: _____

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

v.

U.S. FISH AND WILDLIFE SERVICE,

    Defendant.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. In this action, Plaintiff Center for Biological Diversity ("Center") challenges the failure of the U.S. Fish and Wildlife Service ("Defendant" or "FWS") to comply with the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"). The Center seeks declaratory and injunctive relief to compel FWS to disclose records it unlawfully withheld and/or unreasonably delayed since receiving a FOIA request from the Center on September 26, 2016.

2. Plaintiff's FOIA request sought records of significant public interest that concern FWS's planning, development, and implementation of a new management rule for the only wild population of endangered red wolves (*Canis rufus*), which has dwindled to as few as 24 individuals.

3. As of the date of this Complaint, FWS has failed to perform an adequate search for responsive records and failed to produce all responsive records to the Center. These failures

constitute agency actions that violate FOIA.

4. In the alternative, FWS's failure to adequately respond constitutes conduct that is unlawfully withheld and/or unreasonably delayed, in violation of the Administrative Procedure Act, 5 U.S.C. § 706 ("APA").

5. To remedy these violations, the Center seeks an order requiring FWS to make a lawful determination and produce all records responsive to the Center's September 26, 2016 FOIA request no later than 20-working days after the date of the Order, as well as other appropriate relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claim occurred in this District and because a substantial number of the disputed records are likely located in this District.

8. Jurisdiction and venue are also proper under 5 U.S.C. § 552(a)(4)(B) because a substantial number of the disputed records are likely located in this District.

## PARTIES

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("Center") is a national, nonprofit conservation organization that works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction. The Center is dedicated to the preservation, protection, and restoration of biodiversity and ecosystems throughout the world. The Center has more than 58,000 members. FWS's violations of FOIA, or alternatively the APA, harm the Center and its members, as such violations preclude the Center from gaining

a full understanding of the federal management of one of the world's most endangered species and the implementation of public laws governing that management. The Center informs, educates, and counsels the public regarding environmental issues, policies, and laws relating to environmental issues. Specifically, the Center works to provide its members and the public with a better understanding of government actions that affect the environment, especially actions that harm protected wildlife species. The Center has been substantially involved in the management activities of numerous government agencies for years and has consistently displayed its ability to disseminate information granted to it through FOIA. Informing the public is central to the Center's mission. The Center educates and informs the public through media advocacy, its webpage, and publications that are widely distributed.

10. Defendant UNITED STATES FISH AND WILDLIFE SERVICE ("FWS") is an agency within the Department of the Interior that possesses and controls the records the Center seeks. As such, FWS is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

11. FOIA's basic purpose is government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b).

12. FOIA requires that federal agencies respond to public requests for records to increase public access to government information and public understanding of the workings of the government. FOIA imposes strict deadlines on federal agencies when they receive a FOIA request. Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make responsive records "promptly" available unless it can establish that certain unusual

circumstances are present and/or that it may lawfully withhold the records, or portions thereof, from disclosure. *Id.* § 552(a)(3)(A), (a)(6). Also within 20 working days, the agency must inform the requester of its right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i)(III).

13. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

14. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

15. First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

16. Second, an agency may extend the 20-working-day deadline for 10 additional working days by giving a written notice to the requester that sets forth "unusual circumstances" that justify a deadline extension, which also requires it to provide the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

18. FOIA requires federal agencies to expeditiously disclose requested records and mandates a policy of broad disclosure of government records. *Id.* § 552. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

19. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions. *Id.* § 552(b). However, Congress narrowly construed these exemptions given FOIA's dominant objective of disclosure and presumption against secrecy.

20. Upon receiving an adverse final determination from a federal agency in response to a FOIA request, the requester is entitled to appeal the decision within 90 days of the adverse determination. *Id.* § 552(a)(6)(A)(i)(III)(aa).

21. FOIA requires federal agencies to make a determination with respect to any appeal within 20 days after the receipt of such appeal. *Id.* § 552(a)(6)(ii).

22. U.S. district courts "ha[ve] jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

23. Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

24. FOIA permits the Court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

# FACTUAL BACKGROUND

A. **The 10(j) Rule for North Carolina's Wild Population of Red Wolves**

25. FWS is responsible for managing the world's only known wild population of endangered red wolves, known as the Nonessential Experimental Population ("NEP"). 50 C.F.R. § 17.84(c)(1), (c)(9)(i)-(ii). FWS's management of this population across five counties in eastern North Carolina is governed by a regulation passed pursuant to section 10(j) of the Endangered Species Act ("ESA"). *Id.*; 16 U.S.C. §§ 1533 *et seq.*

26. Red wolves were once common throughout the American Southeast, including all of North Carolina. After people systematically exterminated red wolves and destroyed their habitat across the landscape, FWS listed the species as endangered under the ESA in 1967. In 1975, FWS began breeding wolves in captivity, and in 1980 the agency declared the species extinct in the wild.

27. In 1987, the agency established the wild NEP in a sparsely-populated area of eastern North Carolina.

28. Now, after reaching a high point of more than 120 wolves in 2006, North Carolina's NEP of red wolves is hovering on the brink of collapse. Updated figures FWS published in 2018 indicate there are only 24 known individuals remaining in the NEP.

29. On June 28, 2018, FWS published a controversial new 10(j) rule for the management of the NEP that proposed shrinking the protected area for the wild population to

only 10 percent of its current size and removing laws prohibiting private citizens from killing wolves outside of that protected area.

30. Out of 108,124 comments FWS received on the proposal, 107,988 comments—or 99.9 percent—spoke out in favor of red wolves and advocated for strong federal protections. Only 49 comments opposed protections for red wolves and/or supported the federal proposal, with 13 of those comments coming from the same individual.

31. The Center and its members are gravely concerned over FWS's new 10(j) management plan for this vulnerable population of unique animals. At this critical juncture for the species, the Center has a vital interest in scrutinizing the process by which FWS generated the proposed 10(j) management rule.

**B.     The Center's FOIA Request to the U.S. Fish and Wildlife Service**

32. On September 26, 2016, the Center sent a FOIA request to FWS seeking (1) all records that comprise the entire decision file for the "Recommended Decisions in Response to Red Wolf Recovery Program Evaluation" released on September 12, 2016, from September 1, 2015 to the date of the search for records responsive to the request; and (2) all records generated since March 1, 2016, that reference the proposed revision(s) to the 10(j) rule for the red wolf (*Canis rufus*). 50 C.F.R. § 17.84(c). The Center's FOIA request specified that, for the purposes of this request, "all records" includes electronic mail records.

33. On September 27, 2016, FWS sent the Center an electronic mail message ("email) acknowledging the Center's FOIA request. The message stated that FWS referred the request to its Southeast Region Ecological Services program for response and acknowledged that the normal time for processing a FOIA request is 20 working days. The correspondence further indicated that FWS expected to respond to the Center's FOIA request by October 25, 2016.

COMPLAINT FOR DECLARATORY
& INJUNCTIVE RELIEF

7

Case 2:19-cv-00001-BO   Document 1   Filed 01/04/19   Page 7 of 17

34. The Center pursued full and lawful disclosure of all records responsive to its FOIA request in 11 successive rounds of emails and telephonic correspondence with FWS, which spanned from November 22, 2016, to April 26, 2018.

35. During November 2016, the Center received from FWS 55 records in response to its FOIA request, with no explanation of whether the response was a partial or final response.

36. On November 22, 2016, the Center sent FWS an email asking whether the 55 records the Defendant had sent were a partial or final response to Plaintiff's FOIA request.

37. On November 30, 2016, FWS sent the Center electronic mail indicating that the November records production was a partial response, and that additional records would follow.

38. On December 27, 2016 the Center sent FWS an email asking if and when FWS would provide a final and complete response to the FOIA request.

39. On December 30, 2016, FWS sent the Center one additional record and a response letter, which stated that the agency withheld some records under FOIA exemptions.

40. On January 10, 2017, the Center sent FWS an email asking if the December 30, 2016 letter was a final response and, if not, requesting that FWS provide the Center with an estimated date of completion for a determination as FOIA requires.5 U.S.C. § 552(a)(7)(B)(ii).

41. On January 18, 2017, FWS sent the Center an email stating that the December 30, 2016 letter was a partial response, but it provided no estimated date of completion.

42. On January 20, 2017, the Center sent an email to Bridgett Beaton at the U.S. Department of the Interior, which requested assistance with FWS's failure to respond within the statutory time limit and provide an estimated date of completion.

43. Subsequently, on January 20, 2017, FWS sent the Center an email that stated it was still gathering responsive records and was "working as expeditiously as possible to complete your FOIA," but again, it did not provide an estimated completion date.

44. On January 26, 2017, the Center and Bridgett Beaton participated in a telephone conference to address the issues with the production of records. Ms. Beaton later sent the Center an email explaining that she had "followed up with FWS and will continue to do so."

45. On January 27, 2017, the Center participated in a telephone call with Region 4 of FWS. During that call, FWS confirmed that it sent a partial response to the Center on January 23, 2017, with 208 responsive records. FWS stated that it would check whether that was the final response and communicate that to the Center.

46. After no further response from FWS, on June 14, 2017, the Center sent an email to Ms. Beaton inquiring about the results of her communications with FWS and again asking that FWS provide a final determination on the FOIA request. Ms. Beaton replied that day saying she would follow up with FWS.

47. On June 15, 2017, FWS sent the Center an email stating that it would provide a status update on the FOIA request "no later than next week."

48. The following week, on June 21, 2017, the Center emailed FWS asking why the agency failed to provide the status update. FWS replied that day, stating that it was "currently working with the proper point of contacts on documents to be routed to the Solicitor's office for review and release determination," adding that it would provide weekly status updates.

49. Nearly a month later, on July 19, 2017, FWS emailed the Center stating that the FOIA request "will be sent to the Solicitor's office today for their review."

50. Almost six months later, on December 27, 2017, the Center emailed FWS asking again for a status update. FWS did not provide one.

51. On or about April 26, 2018, FWS sent the Center its final determination letter stating that it withheld eight records under the deliberative process privilege of FOIA's Exemption 5.

52. On August 31, 2018, the Center submitted an appeal to FWS challenging the inadequacy of FWS's search and the unlawful withholding of responsive records.

53. As of the date of this Complaint, the Center has received no final determination from FWS regarding the Center's August 31, 2018 appeal.

54. FWS's failure to make a lawful final determination on the Center's appeal within the statutory timeframe constitutes a violation of FOIA and, in the alternative, the APA.

55. As of the date of this Complaint, FWS has not provided a single email record in response to the Center's FOIA request.

56. FWS's failure to adequately search for and provide responsive records is a violation of FOIA and, in the alternative, the APA.

57. The deliberative process privilege does not apply to the records that are responsive to the Center's FOIA request. 5 U.S.C. § 552(b).

58. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of Freedom of Information Act: Failure to Make a Timely, Lawful Determination on Plaintiff's Appeal

59. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if fully set forth below.

60. The Center has a statutory right to receive a final determination on its appeal of FWS's response to the FOIA request within 20 working days. 5 U.S.C. § 552(a)(6)(A)(ii).

61. Defendant violated the Center's rights in this regard by failing to provide a timely final determination on the Center's appeal, which FWS received on August 31, 2018.

62. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

63. The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's appeal provisions as it has in this case.

64. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's right to receive timely appeal determinations under FOIA.

SECOND CLAIM FOR RELIEF
Violation of the Freedom of Information Act:
Failure to Disclose All Responsive Records to the Center

65. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if fully set forth below.

66. The Center has a statutory right to the records it seeks, and there is no legal basis for FWS to assert that FOIA's deliberative process exemption applies to the withheld records. *See* 5 U.S.C. § 552(b).

67. FWS has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request. Among other records, FWS withheld an entire category of responsive records from the Center, namely electronic mail records.

68. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

69. The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's disclosure provisions as it has in this case.

70. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

THIRD CLAIM FOR RELIEF
Violation of the Freedom of Information Act: Failure to Undertake a Search
That Is Reasonably Calculated to Locate All Responsive Records

71. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

72. The Center has a statutory right to have FWS process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). Defendant violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

73. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

74. The Center's organizational activities will be adversely affected if FWS continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

75. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
### Violation of the Freedom of Information Act: Failure to Provide
### Reasonably Segregable Portions of Any Lawfully Exempt Records

76. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

77. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

78. FWS violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

79. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to FWS in the foreseeable future.

80. The Center's organizational activities will be adversely affected if FWS continues violating FOIA's disclosure provisions as it has in this case.

81. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF
### Violation of the Administrative Procedure Act:
### In the Alternative to the First through Fourth Claims

82. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

83. Defendant unlawfully withheld agency action by failing to comply with the mandates of FOIA through its failure and refusal to (1) undertake a search that is reasonably calculated to locate all responsive records; (2) provide the Center with all responsive records that

are not within the scope of any of FOIA's exemptions to mandatory disclosure; (3) provide the Center with all reasonably segregable portions of responsive records in the event that records may be subject to an exemption; and (4) issue a timely determination on the Center's appeal. Defendant's failures constitute agency actions that are unlawfully withheld, and therefore, these violations are actionable pursuant to the APA, 5 U.S.C. § 706(1).

84. Alternatively, Defendant unreasonably delayed agency action by failing to comply with the mandates of FOIA through its failure and refusal to: (1) undertake a search that is reasonably calculated to locate all responsive records; (2) provide the Center with all records that are responsive to the Center's FOIA request and are not within the scope of any of FOIA's exemptions to mandatory disclosure; (3) provide the Center with all reasonably segregable portions of responsive records to the Center's FOIA request in the event that records may be subject to an exemption; and (4) issue a timely determination on the Center's appeal. FWS's failures constitute agency action unreasonably delayed, thus it is actionable pursuant to the APA. 5 U.S.C. § 706(1).

85. As alleged above, FWS's failure to comply with FOIA's mandates has injured the Center's interests in public oversight of governmental operations and is in violation of FWS's statutory duties under the APA.

86. The Center has suffered a legal wrong as a result of the FWS's failure to comply with the mandates of FOIA. As alleged above, FWS violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

87. The Center has no other adequate remedy at law to redress the violations noted in this Complaint.

88. The Center is entitled to judicial review under the APA. 5 U.S.C. § 702.

COMPLAINT FOR DECLARATORY
& INJUNCTIVE RELIEF

14

Case 2:19-cv-00001-BO   Document 1   Filed 01/04/19   Page 14 of 17

## SIXTH CLAIM FOR RELIEF
### Violation of the Administrative Procedure Act:
### In the Alternative to the First through Fourth Claims

89. The Center realleges and incorporates by reference all the allegations set forth in this Complaint, as if set forth fully below.

90. FWS violated FOIA's statutory mandates through its failure and refusal to (1) undertake a search that is reasonably calculated to locate all responsive records; (2) provide the Center with all responsive records that are not within the scope of any of FOIA's exemptions to mandatory disclosure; (3) provide the Center with all reasonably segregable portions of responsive records in the event that records may be subject to an exemption; and (4) issue a timely determination on the Center's appeal. By repeatedly violating FOIA's statutory mandates, FWS's actions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; therefore, these actions are actionable pursuant to the APA. 5 U.S.C. § 706(2)(A).

91. As alleged above, FWS's repeated failure to comply with the FOIA's mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

92. The Center has suffered a legal wrong as a result of FWS's failure to comply with FOIA's mandates. As alleged above, FWS violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

93. The Center has no other adequate remedy at law to redress the violations noted above.

94. The Center is entitled to judicial review under the APA. 5 U.S.C. § 702.

## PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests that the Court grant the following relief:

1. Order FWS to conduct a search that is reasonably calculated to locate all records responsive to Plaintiff's FOIA request, with the cut-off date for such searches being the date that the searches are conducted, and to provide the Center, by 20 working days from the Court's Order, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2. Declare that FWS's failure to properly apply FOIA exemptions, 5 U.S.C. § 552(b), is unlawful under FOIA, or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2).

3. Declare that FWS's failure to search for and release all records that are responsive to the Center's FOIA request, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2).

4. Declare that FWS's failure to provide the Center with reasonably segregable portions of records that may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2).

5. Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

6. Maintain jurisdiction over this action until FWS is in compliance with FOIA, the APA, and every order of this Court;

7. Grant the Center such other relief as the Court deems just and proper.


Dated: January 4, 2019

Respectfully submitted,

*/s/ Perrin W. de Jong*
Perrin W. de Jong
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 6414
Asheville, NC 28816
Telephone: (828) 774-5638
Facsimile: (888) 277-4929
Email: perrin@biologicaldiversity.org
N.C. Bar No. 42773

Collette L. Adkins
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 595
Circle Pines, MN 55014-0595
Telephone: (651) 955-3821
Facsimile: (415) 436-9683
Email: cadkins@biologicaldiversity.org
Minn. Bar No. 035059X*

*Seeking *special status*

*Attorneys for Plaintiff*